Winfrey v. Drake.

## J. T. Winfrey v. J. S. Drake.

CONTRACT. *Sale of land. Mistake. Defective title. Rescission.* Where a contract in writing for the sale of land is executed by a deed of conveyance, in which, by oversight, a material part of the land is not embraced, and the vendor has no legal title to that part, but only, at most, an equitable right to obtain it, the vendee is entitled to a rescission unless the title is perfected before decree. The land lying in another State, the rescission will be upon condition that the complainant make a deed of reconveyance, within a reasonable time, duly probated for registration according to the laws of that State.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis, R. J. Morgan, Ch.

T. B. Turley, L. B. McFarland, and Muse & Buford for Complainant.

W. G. Weatherford for Defendant.

Cooper J., delivered the opinion of the Court.

On the 27th of January, 1872, complainant and defendant entered into an agreement in writing, by which the latter agreed to sell, and the former to buy, an undivided half interest in the Ionia plantation, in Desha County, State of Arkansas, consisting of 973 acres, "more or less," for $9,000, payable partly in complainant's own notes. On

the 7th of February, 1872, the contract was executed by the delivery of the notes on the one part, and of a deed for the land, with covenant of title, on the other. Shortly afterwards, one Randolph, as the judgment creditor of one Johnson, a previous owner of the land, caused an execution to be issued on his judgment and levied upon part of the land sold, which part may be described in brief as S. E. qr. of sec. 20, containing about 158 44-100 acres. When this levy was made, it was discovered that S. E. qr. of sec. 20 was not included in the deed of defendant to complainant, nor in the series of conveyances under which the complainant claimed from Johnson down, each of the conveyances containing, in lieu, the N. E. qr. of sec. 20.

On the 18th of March, 1872, the complainant gave the defendant written notice of the omission, and that, unless he made him a good and valid title to the undivided half of the said S. E. qr. section, he thereby tendered possession of the land, and would proceed to file a bill for rescission. Some negotiations passed between the parties, during which the defendant, in writing, acknowledged that he understood himself as selling the quarter section in question to the complainant, and was bound to defend his title thereto. A suit was at once instituted by the defendant to enjoin the sale of the land under the Randolph execution, and to perfect his title to the land. Winfrey was at first joined as a party complainant in that suit, but

after the commencement of this litigation his po-
sition was changed to that of a defendant. The
present suit was commenced on the 16th of April,
1872, and was mainly based on the omission of
the land from the deed. An amended bill was
afterwards filed claiming a deficiency of title to
some 48 acres of land in other parts of the tract,
and an outstanding tax title.

The defendant filed a cross bill tendering a
warranty deed for the S. E. qr. of sec. 20. The
cause was heard on the 1st of July, 1875, and the
contract rescinded. The defendant appealed. At
that time, the litigation commenced in Arkansas
to perfect the title was still pending.

The law regulating the rights of a vendee of
land to rescission is well settled in this State, in
accord with the current of authority, and it is not
shown that the law is otherwise in the State of
Arkansas. If the purchaser go into possession of
land under a contract executed by deed of convey-
ance, he must rely upon the covenants of his deed,
and cannot come into equity for rescission because
of a defect of title except for fraud, the vendor's
insolvency, or other independent equity: *Buchanan*
v. *Alwell*, 8 Hum., 516; *Barnett* v. *Clark*, 5 Sneed,
435. It is otherwise when the contract is execu-
tory, in which case, even if the failure of title be
for only a part, but a material part of the land,
the vendee is entitled to a rescission of the entire
contract: *Galloway* v. *Bradshaw*, 5 Sneed, 70; *Topp*
v. *White*, 12 Heis., 168. In the absence of fraud,

a vendee under an executory contract, who comes into equity for rescission, will be compelled to accept a title made good before final decree: *Blackmore* v. *Shelby*, 8 Hum., 439. He will not be compelled to take an after acquired title if there be fraud: *Woods* v. *North*, 6 Hum., 309. Nor a doubtful title at all: *Cunningham* v. *Sharp*, 11 Hum., 118; *Mullins* v. *Aiken*, 2 Heis., 535; *Scott* v. *Thompson*, 11 Heis., 310.

The contract in this case was intended to be and, if the deed had covered the entire tract, would have been executed. The S. E. qr. of sec. 20 was not, however, included in the conveyance. That quarter section, the proof shows, lay in the very center of the tract, near to the improvements, and consisted principally of cleared land, as valuable as any in the tract. The witnesses agree that it was a material part of the land sold. Not having been conveyed, the rights of the parties must be governed by the contract of the 27th of January, 1872. If the defendant had then been clothed with a good title, and had, at the filing of the bill, tendered to the complainant a deed for the land omitted, with the covenants of the deed of the 7th of February, 1872, the complainant would have been compelled to take it. So if, as I think may be conceded, there was no fraud on the part of the vendor, and he had an equitable right to obtain the legal title, and had actually acquired it previous to the final decree below, the complainant's right to rescission might have been defeated. The

Winfrey *v.* Drake.

defendant clearly had no title to the land, only, at most, an equity to call for it: *Mc Whirter* v. *Swaffer*, 6 Bax., 348. He could not, under the executory contract, compel the complainant, after the defect was discovered, to take a deed for land to which he had no legal title. It was his misfortune that he could not perfect the title before the final decree. The right to rescission must relate to the filing of the bill. Only the perfecting of the legal title within time, or a new contract, could affect that right.

The decree must be affirmed, with costs, but upon condition that the complainant, within a reasonable time, make a deed of reconveyance of the land, duly probated for registration according to the laws of the State of Arkansas.